UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | | |
|---|---|---|---|
| MAURICE D. JACKSON, | ) | | |
| | ) | | |
| Petitioner, | ) | | |
| | ) | | |
| v. | ) | Nos: | 3:02-cr-012 |
| | ) | | 3:07-cv-358 |
| | ) | | (JORDAN/GUYTON) |
| UNITED STATES OF AMERICA, | ) | | |
| | ) | | |
| Respondent. | ) | | |

## MEMORANDUM

This is a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 filed by petitioner Maurice D. Jackson ("petitioner"). The government has filed its response to the motion. There is also pending petitioner's motion to amend his § 2255 motion with supplemental facts. The motion to amend [Court File No. 177] will be **GRANTED**, and the Court will consider the supplemental facts in support of petitioner's original § 2255 motion. For the following reasons, the § 2255 motion to vacate will be **DENIED** and this action will be **DISMISSED**.

I.   Standard of Review

This Court must vacate and set aside petitioner's conviction upon a finding that "there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." 28 U.S.C. § 2255. To prevail under § 2255, petitioner "must show a 'fundamental defect which inherently results in a complete miscarriage of justice,' or, an error so egregious that it amounts to a violation of due process." *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1968)).

Under Rule 8 of the Rules Governing Section 2255 Proceedings In The United States District Courts, the Court is to determine after a review of the answer and the records of the case whether an evidentiary hearing is required. If the motion to vacate, the answer and the records of the case show conclusively that petitioner is not entitled to relief under § 2255, there is no need for an evidentiary hearing. *Baker v. United States*, 781 F.2d 85, 92 (6th Cir. 1986).

II.   Factual Background

Petitioner entered a conditional guilty plea to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). He reserved the right to appeal the denial of his motions to suppress evidence and to dismiss the indictment, and the admissibility as evidence at trial of the videotaped interview of petitioner. [Criminal Action No. 3:02-cr-12, Court File No. 147, Agreed Order Permitting Conditional Plea and Reserving Issues for Appeal].

Petitioner was sentenced as an armed career criminal to a term of imprisonment of 250 months. [*Id.*, Court File No. 151, Judgment]. The Sixth Circuit affirmed the denial of the motions to suppress evidence and to dismiss the indictment, the admissibility of the videotaped interview, the denial of petitioner's motion to withdraw his guilty plea, and petitioner's sentence. *United States v. Jackson*, No. 05-5600 (6th Cir. June 5, 2006) [*Id.*, Court File No. 159, Unpublished Order], *cert. denied*, 549 U.S. 968 (2006).

The Sixth Circuit summarized the evidence presented at the suppression hearing as follows, concluding that on June 27, 2000, the arresting officer had a reasonable suspicion that petitioner was involved in criminal activity and thus the motion to suppress was properly denied:

> The record reflects that Officer Taylor had a reasonable suspicion that Jackson was engaged in criminal activity. During the suppression hearing, Taylor testified that he observed Jackson parked in the parking lot of Budget Motel in Knoxville, Tennessee, next to a no trespassing sign. He noticed that Jackson was sitting in the passenger seat of his vehicle and that he was speaking to a known prostitute (Kimberlee Hazlett), who was standing outside of the vehicle. Taylor approached Jackson and Hazlett to determine if they were legitimately on Budget's property. After asking for identification, Taylor noticed a "bulge" in Jackson's right cheek. Taylor testified that Jackson kept trying to conceal the right side of his mouth, and that Jackson appeared to be seeking an "avenue of escape." Based on a previous incident during which Taylor had found Jackson to be concealing cocaine in his mouth, Taylor instructed Jackson to open his mouth. Jackson eventually removed a package containing suspected cocaine from his mouth, and was arrested; a search incident to the arrest revealed a pistol concealed under Jackson's front passenger seat. Based on this testimony, the district court properly concluded that Taylor had a reasonable suspicion that Jackson was involved in criminal activity.

*Id.* at 2-3.

The Court also concluded that petitioner's motion to dismiss the indictment, which was based upon the government's alleged failure to provide the videotaped evidence from Officer Taylor's cruiser on the day of arrest, was properly denied.

> During the hearing on the motion to dismiss, Taylor testified that he did not turn off his video-recording device and that he did not tamper with the videotape itself. In addition, the audio-video technician (Scott Tidwell) for the Knoxville Police Department, testified that the videotape in Taylor's car did not depict anything from June 26, 2000 through July 1, 2000. Moreover, contrary to Jackson's argument, neither Officer Dick Evans nor Officer Ronald Green presented any evidence that they had first-hand knowledge that Taylor's video-recording unit was not operational on June 26, 2000. Finally, Jackson is not entitled to relief because Jackson merely speculates as to the exculpatory nature of the non-recorded incident and arrest.

*Id*. at 3 (citation omitted).

Similarly, the Court found that the denial of petitioner's motion to withdraw his guilty plea was proper.

> A review of the record reflects that the district court considered the relevant factors prior to ruling on Jackson's motion to withdraw his guilty plea. First, Jackson acknowledged that he waited almost three months before submitting his motion to withdraw to the district court. Second, the district court concluded that Jackson did not offer a convincing justification for this delay. Third, Jackson did not maintain his innocence in this case, and he admitted that the gun was his. Fourth, nothing in the record reflects that the withdrawal of his plea would not have prejudiced the government. Under these circumstances, the district court did not abuse its discretion by denying Jackson's motion to withdraw.

*Id*. at 4 (citation omitted).

In support of his § 2255 motion, petitioner alleges three instances of ineffective assistance of counsel and one instance of prosecutorial misconduct.

4

III. Discussion

*A. Assistance of Counsel*

In *Strickland v. Washington*, 466 U.S. 668 (1984), the United States Supreme Court established a two-part standard for evaluating claims of ineffective assistance of counsel:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Id*. at 687.

To establish that his attorney was not performing "within the range of competence demanded of attorneys in criminal cases," *McMann v. Richardson*, 397 U.S. 759, 771 (1970), petitioner must demonstrate that the attorney's representation "fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. at 687-88. In judging an attorney's conduct, a court should consider all the circumstances and facts of the particular case. *Id*. at 690. Additionally, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id*. at 689 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)).

The issue is whether counsel's performance "was so *manifestly* ineffective that defeat was snatched from the hands of probable victory." *United States v. Morrow*, 977 F.2d 222,

5

229 (6th Cir. 1992) (*en banc*). Because he is seeking relief under § 2255, petitioner bears the burden of proving by a preponderance of the evidence that his counsel was deficient. *See Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006).

Petitioner was represented in his criminal proceedings by four successive appointed attorneys. Kim Tollison, with the Federal Defender Services of Eastern Tennessee, Inc., was originally appointed to represent petitioner. [Criminal Action No. 3:02-cr-12, Court File No. 13, Order]. Mr. Tollison subsequently moved to withdraw; the motion was granted and James A.H. Bell was appointed as attorney of record for petitioner. [*Id.*, Court File No. 39, Memorandum and Order]. Mr. Bell later moved to withdraw; the motion was granted, petitioner was permitted to proceed *pro se*, and Mr. Bell was ordered to remain as standby counsel. [*Id.*, Court File No. 122, Memorandum and Order]. Both petitioner and Mr. Bell objected to Mr. Bell's role as standby counsel; the Court then appointed Bruce Poston as attorney of record for petitioner. [*Id.*, Court File No. 126, Memorandum and Order]. After petitioner was sentenced, Mr. Poston moved to withdraw and the motion was granted. [*Id.*, Court File No. 149, Order]. The Sixth Circuit appointed James E. Thomas, an attorney from Memphis, Tennessee, to represent petitioner on appeal. *United States v. Jackson*, No. 05-5600 (6th Cir. May 2, 2005) (Order appointing counsel).

Petitioner now alleges that Mr. Tollison rendered ineffective assistance of counsel in drafting the motion to suppress. According to petitioner, Mr. Tollison omitted the fact that Officer Taylor drew his weapon immediately upon stepping out of his car and ordered petitioner out of the vehicle, all of which he claims was prior to Officer Taylor discovering

6

the bulge in his jaw. Petitioner contends that he was seized at that time for Fourth Amendment purposes and that Officer Taylor lacked probable cause for the seizure. Petitioner also alleges that Mr. Thomas rendered ineffective assistance of counsel on direct appeal when he failed to argue the fact that petitioner was seized at gun point without probable cause.

Petitioner's allegation that Officer Taylor approached the vehicle with his gun drawn is contradicted in the record, including petitioner's own testimony during the hearing on the motion to dismiss. During that hearing, petitioner testified on direct examination as follows with respect to Officer Taylor's testimony during the suppression hearing:

> Q. Okay. Did he give testimony different from that which you believe that happened there at the scene?
>
> A. Yes, sir.
>
> Q. All right. Now, I want to focus in between the time that he first came in contact with you and the time that the other officers had arrived. I want you to tell the Court briefly what it is that is different between what you say and what he is saying.
>
> ...
>
> Q. Briefly, Mr. Jackson, will you tell the Court how your recollection of the events is different that what Officer Taylor says there at the scene.
>
> A. Okay. I pulled up in the front part of the motel. The owner told us to pull around on the side because they was doing construction in the front parking lot. Okay. Once we pulled around the side, as we was getting out of the vehicle, Officer Taylor pulled up on the back side of my car, got out and approached first the lady that was with me and called her back, as she was walking toward the front toward the office. He called her back, asked her what was she doing. She said nothing.

7

> He told me to step out of the car. When I stepped out the car he just said, Maurice, I am going to ask you one time and one time only, do you have anything in your mouth. I told him, no. He said, open your mouth and let me see. I asked him for what. That is when he just charged me. He was by his self, when he did that. The other officers hadn't even pulled up on the scene yet.
>
> Q. Okay, anything else happen between then and the time the other officers got on the scene?
>
> A. No. That was pretty much it other than he did himself go and search up under the car, up under the passenger seat where I was sitting at. It was obvious to me he found the gun. He just didn't remove the gun. He just waited until the other two officers came and he went over there and told them something and they went over to straight where I was sitting at and reach under the seat and found the gun.

[Criminal Action No. 3:02-cr-12, Court File No. 102, Transcript of Hearing on Motion to Dismiss, pp. 112-115]. Petitioner made no mention of being ordered out of his vehicle by Officer Taylor at gun point.

During the suppression hearing, when Officer Taylor testified concerning the arrest of petitioner on June 27, 2003, there was likewise no mention of Officer Taylor having drawn his weapon and ordered petitioner out of the vehicle at gun point, either on direct examination or during cross-examination. [*Id.*, Court File No. 34, Transcript of Suppression Hearing, pp. 26-34, 38-54, respectively].

In any event, "[a] police officer may in appropriate circumstances and in an appropriate manner approach a person for purposes of investigating possibly criminal behavior even though there is no probable cause to make an arrest." *Terry v. Ohio*, 392 U.S. 1, 22 (1968). The fact that an officer draws his firearm and orders an individual out of his

8

vehicle does not, without more, turn a legitimate *Terry* stop into a seizure that requires probable cause; the question is whether it was reasonable for the officer to do so. *United States v. Jacob*, 377 F.3d 573, 579-80 (6th Cir. 2004).

Under the circumstances, there was no reason for Mr. Tollison to have raised the claim that petitioner was unlawfully seized and he was not ineffective in failing to do so. *See United States v. Hanley*, 906 F.2d 1116, 1121 (6th Cir. 1990) (the failure of defense counsel to pursue frivolous motions and objections cannot constitute ineffective assistance of counsel). Likewise, Mr. Thomas did not render ineffective assistance of counsel by failing to raise the issue on direct appeal. *See Mathews v. United States*, 11 F.3d 583, 585 (6th Cir. 1993) (an attorney is not required to raise meritless issues on appeal).

Petitioner alleges that Mr. Poston rendered ineffective assistance of counsel when he failed to object to the prosecution's use of false or perjured testimony. The Court has considered the claim that the prosecution used false or perjured testimony in Section B. of this opinion, *infra*, and found that it lacks merit. According, Mr. Poston was not ineffective in failing to raise that objection.

Based upon the foregoing, petitioner has failed to demonstrate that he received ineffective assistance of counsel under the standard set forth in *Strickland*.

### B. *Conduct of the Prosecutor*

Petitioner alleges that the prosecution knowingly used false or perjured testimony during the suppression hearing. According to petitioner, Officer Taylor admitted, during the

9

hearing on the motion to dismiss the indictment, that he had testified falsely during the suppression hearing.

The law is well-settled that to vacate a sentence on the grounds of perjured testimony, the petitioner must prove not only that he was convicted by perjured testimony but also that the false statements were material and that the prosecuting officials at the time the testimony was used knew that it was perjured. *See, e.g., United States v. Bagley*, 473 U.S. 667, 679-80 (1985); *United States v. Farley*, 2 F.3d 645, 655 (6th Cir. 1993).

> [I]t is the knowing use by the Government of false evidence that constitutes the denial of due process. An allegation of perjury, apart from an allegation of knowing use by the Government of that perjury, constitutes no basis for habeas corpus or coram nobis relief as it alleges no error of constitutional dimensions. The credibility of witnesses is ordinarily for trial by the jury in the criminal trial. False evidence and perjury are matters that may be raised on the trial and on motions for a new trial, but not in habeas corpus, Section 2255, or other post-conviction petitions.

*Hoffa v. United States*, 339 F. Supp. 388, 392 (E.D. Tenn. 1972), *aff'd*, 471 F.2d 391 (6th Cir. 1973).

The testimony to which petitioner refers was as follows:

> Q. State your name, please.
>
> A. Robert Taylor.
>
> Q. You previously testified in this case on behalf of the government?
>
> A. Yes, sir, I have.
>
> Q. Okay. And have you had a chance to review your testimony?

10

> A. Yes, sir, I did.
>
> Q. Okay. Do you adopt it as true?
>
> A. I am sorry. Say that again, sir.
>
> Q. Is there anything in the testimony that was not true?
>
> A. No, not really, sir. There were a couple of mistakes that were made because I hadn't seen the video prior to testifying in the suppression hearing.
>
> Q. Okay.
>
> A. Nothing of an intentional nature or anything like that.

[Criminal Action No. 3:02-cr-12, Court File No. 102, Transcript of Hearing on Motion to Dismiss, p. 32].

Officer Taylor's admission that he made some mistakes during his testimony at the suppression hearing does not, without more, prove that he committed perjury. In addition, there is absolutely nothing in the record to suggest that the government was aware of any alleged perjured testimony on the part of Officer Taylor. Petitioner's claim in this regard lacks merit.

IV. Conclusion

Petitioner is not entitled to relief under § 2255 and his motion to vacate, set aside or correct sentence will be **DENIED**. This action will be **DISMISSED**. All other pending motions will be **DENIED** as **MOOT**. The Court will **CERTIFY** that any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this Court will **DENY** petitioner leave to proceed in forma pauperis on appeal. *See* Rule 24 of the

Federal Rules of Appellate Procedure. Petitioner having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253; Rule 22(b) of the Federal Rules of Appellate Procedure.

    **AN APPROPRIATE ORDER WILL ENTER.**

s/ Leon Jordan
United States District Judge
