UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | | |
|---|---|---|---|
| MAURICE D. JACKSON, | ) | | |
| | ) | | |
| Petitioner, | ) | | |
| | ) | | |
| v. | ) | Nos. | 3:02-CR-12-RLJ-HBG-1 |
| | ) | | 3:16-CV-677-RLJ |
| UNITED STATES OF AMERICA, | ) | | |
| | ) | | |
| Respondent. | ) | | |

## **MEMORANDUM OPINION**

Before the Court is Petitioner's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [Doc. 207]. Petitioner bases his request for relief on *Johnson v. United States*, 135 S. Ct. 2551 (2015), in which the Supreme Court held that the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), was unconstitutionally vague [*Id.*]. Before the Sixth Circuit authorized this Court to consider the instant successive petition, Petitioner submitted a request that he be released on bond pending the Sixth Circuit's resolution of that request [Doc. 201]. For the reasons stated below, the petition [Doc. 207] will be **GRANTED**; Petitioner's request for release on bond [Doc. 201] will be **DENIED as moot.**

### I. BACKGROUND

In 2005, Petitioner was convicted of possessing a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g)(1) [Docs. 151]. Based on a 1983 Illinois conviction for robbery, a 1992 Illinois conviction for aggravated battery, and a 1995 Mississippi conviction for escape, the United States Probation Office deemed Petitioner to be an armed career criminal subject to the ACCA's enhanced fifteen-year mandatory minimum [Presentence Investigation Report (PSR) ¶¶ 19, 25, 30, 45]. Based on his total offense level and criminal history, Petitioner

received a Guideline range of 235 to 293 months' imprisonment [*Id.* ¶ 110]. In accordance with that designation, this Court sentenced Petitioner to 250 months' incarceration followed by five years' supervised release on April 4, 2005 [Doc. 151]. Petitioner appealed, but the Sixth Circuit affirmed his conviction and sentence [Docs. 153, 159, 160]. The Supreme Court denied Petitioner's request for a writ of certiorari on October 10, 2006 [Doc. 162]. His conviction became final for purposes of § 2255(f)(1) that same date. *See, e.g.*, *Clay v. United States*, 537 U.S. 522, 525, 532 (2003) (explaining that in the case of a direct appeal a petitioner's conviction becomes final upon denial of certiorari).

Slightly less than one year later—on September 17, 2007—Petitioner filed an original petition for collateral relief asserting several grounds of ineffective assistance and prosecutorial misconduct [Doc. 163]. This Court denied that petition with prejudice on February 16, 2012 [Docs. 187, 188]. On June 26, 2015, the Supreme Court issued the *Johnson* decision. Less than one year later, Petitioner requested leave to file a successive petition challenging his ACCA designation in light of that decision [Doc. 197; 6th Cir. Case No. 16-6176]. The Sixth Circuit recently granting this Court authorization to consider that successive motion [Doc. 206].

## II.  TIMELINESS OF PETITION

Section 2255(f) places a one-year statute of limitations on all petitions for collateral relief under § 2255 running from either: (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the

date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f). The petition's reliance on *Johnson* triggers the renewed one-year limitations period under subsection (f)(3). *See Welch v. United States*, 135 S. Ct. 1257, 1265 (2016) ("*Johnson* is . . . a substantive decision and so has retroactive effect . . . in cases on collateral review."); *In re Windy Watkins*, 810 F.3d 375, 380–81 (6th Cir. 2015) (finding *Johnson* constitutes a new substantive rule of constitutional law made retroactively applicable on collateral review and thus triggers § 2255(h)(2)'s requirement for certification of a second or successive petition). The renewed period began to run on June 26, 2015 and, as a result, the petition falls safely within the window for requesting relief [Doc. 206].

1. **STANDARD OF REVIEW AND ANALYSIS**

To obtain relief under 28 U.S.C. § 2255, a petitioner must demonstrate "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law . . . so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003)). He "must clear a significantly higher hurdle than would exist on direct appeal" and establish a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998).

III. **ANALYSIS**

A felon who possesses a firearm normally faces a maximum penalty of ten years' imprisonment, 18 U.S.C. § 924(a)(2), and three years' supervised release, 18 U.S.C. § 3583(b)(2). However, if the felon possesses the firearm after having sustained three prior convictions "for a violent felony or serious drug offense, or both," the ACCA requires a fifteen

3

year minimum sentence, 18 U.S.C. § 924(e)(1), and increases the maximum supervised release term to five years, 18 U.S.C. § 3583(b)(1). The ACCA defines a "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another" (the "use-of-physical-force clause"); (2) "is burglary, arson, or extortion, involves use of explosives" (the "enumerated-offense clause"); or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another" (the "residual clause"). 18 U.S.C. § 924(e)(2)(B).

In *Johnson*, the Supreme Court held "that imposing an increased sentence under the residual clause of the [ACCA] violates the Constitution's guarantee of due process." 135 S. Ct. at 2563. *Johnson* did not automatically invalidate all ACCA sentences, however, emphasizing that its holding "d[id] not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony." *Id.*; *see also United States v. Kemmerling*, 612 F. App'x 373, 375 (6th Cir. 2015) (explicitly finding that *Johnson* did not affect the ACCAs use-of-physical-force clause). Thus, under *Johnson*, an ACCA sentence only raises due process concerns—and is thus invalid—if it was necessarily based on predicate violent felonies that only qualified as such under the ACCA's residual clause. *Compare United States v. Ozier*, 796 F.3d 597, 603 (6th Cir. 2015) (finding district court did not err by categorizing defendant as an armed career criminal where all three predicate offenses qualified under the enumerated-offense and use-of-physical-force clauses of the ACCA), *with United States v. Bell*, 612 F. App'x 378, 379–380 (6th Cir. 2015) (finding *Johnson* precluded defendant from being sentenced as an armed career criminal because one of her three predicate offenses, aggravated assault, failed to qualify under the enumerated-offense and use-of-physical force clauses).

4

One of Petitioner's three predicate offenses was a 1995 Mississippi conviction for escape as a prisoner [PSR ¶ 45]. The Mississippi Supreme Court identified the elements of that offense as "(a) the knowing and voluntary departure of a person[,] (b) from lawful custody[,] and (c) with intent to evade due course of justice." *Miller v. State*, 492 So. 2d 978, 981 (Miss. 1986) (interpreting same statute at issue in the instant case). As defined, the offense does not qualify as a violent felony under the ACCA's use-of-force clause because it does not have as an element the use, attempted use, or threatened use of violent force against another, *see United States v. Franklin*, 302 F.3d 722, 723 (7th Cir. 2002) ("[N]o evidence of force or violence is required to sustain an escape conviction under this statutory provision."), and does not fall within one of the provision's enumerated categories of violent felony, *see generally* 18 U.S.C. § 924(e)(2)(B)(ii). Because the conviction could only qualify as a violent felony under the ACCA's residual clause, *see Franklin*, 302 F.3d at 724 (concluding that Mississippi escape qualified as a predicate offense under the residual clause); *accord United States v. Covington III*, 738 F.3d 759, 764 (6th Cir. 2014) (noting that "only the residual clause can potentially bring Covington's [Michigan] conviction for prison escape within the definition of crime of violence"); *United States v. Goodman*, 519 F.3d 310, 317–18 (6th Cir. 2008) (explaining that escape as defined in Tenn. Code. Ann. § 39-16-605 is a crime of violence under the now-defunct residual clause); *United States v. Harris*, 165 F.3d 1062, 1067–68 (6th Cir. 1999) (holding that 1998 conviction for violating law prohibiting escape from a workhouse was a crime of violence), the *Johnson* decision dictates that it can no longer be used to designate Petitioner an armed career criminal. As a result, Petitioner's 250 month term of imprisonment and five years' supervised release [Doc. 151] exceed his maximum authorized sentence as a non-ACCA offender under § 922(g)(1) by 130 months' incarceration and two years' supervised release. *See* 18 U.S.C. §

924(a)(1)(D)(2) ("Whoever knowingly violates subsection . . . (g) . . . of section 922 shall be . . . imprisoned not more than [ten] years."). He has demonstrated an entitlement to relief.[1]

Where a claim has merit, district courts have the discretion to choose between discharging the petitioner, resentencing the petitioner, correcting the petitioner's sentence, or granting the petitioner a new trial. 28 U.S.C. § 2255(b). Because Petitioner has already served at least 120 months in custody, the Court finds that correction of his sentence is the most appropriate form of relief. *United States v. Torres-Otero*, 232 F.3d 24, 30 (1st Cir. 2000) ("[I]n cases were the sentence (but not the conviction) is infirm, only the 'resentenc[ing]' or 'correct[ing] the sentence' options are open to the district court, since a prisoner should never be 'discharge[d]' or 'grant[ed] a new trial' based solely on a defective sentence.").

## IV. REQUEST FOR RELEASE ON BOND

In addition to the petition for relief, this Court is in possession of Petitioner's request that the court grant him release on bond pending the Sixth Circuit's resolution of his request for authorization for this Court to consider the successive petition for relief. In light of this Court's resolution of the underlying § 2255 motion, the request for bond [Doc. 201] will be **DENIED**.

## V. CONCLUSION

Petitioner has already served a term of incarceration in excess of the ten-year custodial statutory maximum applicable to him post-*Johnson*. As a result, his motion [Doc. 207] will be **GRANTED** and term of imprisonment will be reduced to a "time served" sentence. Petitioner's request for release on bond [Doc. 201] will be **DENIED as moot**. The order will take effect ten

---

[1] Because the propriety of Petitioner's enhancement depended on whether or not his 1995 Mississippi escape conviction remained a violent felony after the *Johnson* decision, this Court finds that it need not address whether Petitioner's Illinois aggravated battery conviction remains a violent felony as well.

6

days from its entry so as to give the Bureau of Prisons time to process Petitioner's release. Further, the judgment dated April 4, 2005 [Doc. 151] will be **AMENDED** to reflect a three-year term of supervised release.

**IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
United States District Judge